UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. NO.: 05-0137-03T |
| | : | |
| CORNELIO OZORIO | : | |

**DEFENDANT'S MOTION FOR APPLICATION OF "SAFETY VALVE" CONSIDERATION**

NOW COMES, the defendant, CORNELIO OZORIO, by and through counsel, and pursuant to Section 5C1.2(a) of the United States Sentencing Guidelines, and moves this Honorable Court to afford your defendant with so-called "safety-valve" consideration, and afford him a sentence in accordance therewith.

As grounds therefor, the defendant incorporates by reference those agreements as are set forth in the accompanying Memorandum of Law.

Defendant,
CORNELIO OZORAIO,
By his Attorney,

Damon M. D'Ambrosio, Esquire
R.I. Reg. No.: 3581
160 Plainfield Street
Providence, RI 02909
(401) 946-4651

**CERTIFICATION OF SERVICE**

I hereby certify that on this the 18 day of April, 2006, I hand delivered a true and correct copy of the within Mupon: Adi Goldstein, Esquire (AUSA), Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 02903 and Heather McLaughlin, (USPO), United States Probation Office, District Federal Building, Third Floor, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. NO.: 05-0137-03T |
| | : | |
| CORNELIO OZORIO | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF "SAFETY-VALVE" APPLICATION**

## I. STATEMENT OF THE FACTS/SUMMARY TRAVEL OF THE CASE:

The defendant is charged, at Counts I and II of the instant Indictment with: conspiring to possess, with the intent to distribute, more than 500 grams of cocaine (Count I); and, possession with the intent to distribute 500 grams or more of cocaine (Count II). This Honorable Court has heretofore accepted this defendant's plea of guilty to each Count of the charged Indictment. Sentencing is presently scheduled for May 12, 2006, before Chief Judge Torres.

Pursuant to the provisions of Title 21, U.S.C., Sections 846 and 841 (a)(1) and (b)(1)(B), the defendant is subject to a five (5) year mandatory minimum sentence. However, as the defendant is a first-time offender, without any prior criminal history (let alone convictions), the defendant otherwise merits, and has earned, consideration under the so-called "safety valve" provision of the United States Sentencing Guidelines. 18 U.S.C. appx. Ch. 5, Part A. (Section 5C1.2(a)).

As the foregoing sets forth a five (5) part critoria for application of this exception, the circumstances attendant to this case establish his eligibility for the relief provided thereunder. The defendant has no more than one (1) criminal history point (subsection (1)); the defendant employed neither violence (or threats of violence) nor employed a

firearm in this offense (subsection (2)); the offenses did not result in either death or bodily injury (subsection (3)); and, this defendant was neither an organizer, leader or manager of others (subsection (4)). Notably, all the foregoing is confirmed within the parameters of the Presentence Investigation Report, as is this defendant's acceptance of responsibility for his conduct in this offense.

## II. STATEMENT OF THE ISSUE:

Is the defendant entitled to relief from the statutory mandatory minimum sentence herein, as he qualifies for relief pursuant to U.S.S.G. Section 5C1.2 (a)?

## III. LEGAL ARGUMENT:

The defendant has heretofore met with both his counsel and with the Assistant United States Attorney, Adi Goldstein, in the company of investigative officers and detailed all evidence and information held or known by him concerning the offenses that were part of the scheme or plan giving rise to these charges. Initially, it should be noted that the offenses charged involve a conspiracy arising "[f]rom on or about December 1, 2005 up to and including on or about December 11, 2005." (Count I) and possession with the intent to distribute more than 500 grams of cocaine "on or about December 11, 2005." (Count II). Counsel for the defendant is aware of no disclosure or information provided by this defendant that either the government or its agents consider untrue or less than candid. Moreover, the defendant's statement, as set forth and referenced in Paragraphs 12-14 of the Presentence Investigation Report (which the government has accepted entitles him to a downward adjustment) does itself references conduct unchanged by the government.

Application Note 3 to the commentary this section provides that "offense" and

"offense or offenses that were part of the same course of conduct or of a common scheme or plan" mean "the offense of conviction and all relevant conduct." This, the defendant has more than provided. The court should be aware that this defendant's conduct, as referenced in all investigative reports, reference that he received a telephone call to pick up and then deliver some cocaine, shortly before the execution of a warrant at Gallatin Street. This defendant responded to Gallatin Street shortly thereafter and picked up the narcotics. As he was on his way out of the residence, he was stopped and seized by law enforcement and the cocaine he had just acquired was taken from his person. Not only did the defendant acknowledge this fact, he detailed that this was not the first time he had received such a call, he chronicled the fee he was to receive and where it was intended to be delivered, and further detailed his relationship and acts with the co-defendants even prior to the dates charged in this indictment.

The safety valve attempts to remedy an anomaly whereby a first-time non-violent offender, who has played a minimal or minor role in the offense, would otherwise be subject to a diaconian minimum mandatory sentence. Where such non-violent, first-time offenders have "made a good faith effort to cooperate with the government," the safety valve allows a sentencing court to disregard that statutory minimum. *United States v. Arrington*, 73 F. 3d 144 (7th Cir. 1996).

In order to qualify for safety valve relief, the defendant must persuade the court that he meets all the requirements. *See*, *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996). That burden must be met by a preponderance of the evidence. *United States v. Ajugwo*, 82 F.3d 925 928 (9th Cir. 1996); *United States v. Flanagan,* 80

F.3d 143 (5th Cir. 1996); *United States v. Ivestar,* 75 F.3d 182 (4th Cir.), *cert. denied,* 116 S. Ct. 253. (1996).

While it appears that, at minimum, a defendant should disclose the "identity of the person on whose behalf he was acting," *United States v. Scharon,* 186 F.3d 17 20 (1st Cir. 1999); *United States v. Wrenn,* 66 F.3d 1 (1st Cir. 1995); and this the defendant provided,. While the government may be dissatisfied that this information was already known to it, that is of no merit in determining whether the defendant has compiled with the strictures of the safety valve requirement. Unlike, as in *Wrenn,* this defendant discussed the role of his co-defendants and his relationship in the common scheme. *See also, United States v. Montes*, 2004 U.S. Dist. LEXIS 7810 (U.S. D. Ct. P.R. 2004). Further, the defendant detailed the nexus between his conduct and other offenses (even those unchanged) regarding which he was required to provide information. *See e.g., United States v. Jolly*, 151 Fed. Appx. 700, 703 ( 10th Cir. 2005).

This court should be mindful that where a defendant has complied with the dictates of the safety valve exception, its application is mandatory and <u>not</u> contingent upon a recommendation of the government, *United States v. Ortiz-Santiago*, 211 F.3d 146, 152 (1st. Cir. 2000). Absent specific factual findings, a "bare conclusion" that a defendant did not cooperate fully, cannot be enough to avoid imposition of a mandatory minimum sentence waiver. *United States v. Miranda Santiago*, 96 F.3d at 529-530. The government cannot contract around the safety valve, the most it can do is attempt to persuade the sentencing court that the provision does not apply. *United States v. Bradstreet*, 206 F.3d 75, 81 (1st. Cir. 2001). *See also*, Fed. R Cuim, P.11 (es(1)(B).

Most significantly, as appears to be the case herein, the government may not seek to use potential denial of safety valve relief if the defendant fails to provide information outside the scope of the charged conduct. Even were that the case the defendant's detailed and uncontradicted disclosures to the government merit application of the sought relief.

The disclosure of information required under the safety valve is not a debriefing. It is not the occasion for the government to develop a case or receive substantial assistance. That is the purpose of the substantial assistance departures under the both the guidelines and statute. *See*, *United States v. Flanagan*, 80 F.3d 143 (5th Cir. 1996). Where a defendant credibly demonstrates that he has provided the government with all the information he was reasonably expected to possess, the government to defeat his claim, must at least come forward with some sound reason to suggest otherwise. *United States v. Miranda-Santiago*, 96 F.3d 517, 52 (1st Cir. 1996). The First Circuit has not adopted the more expansive reading of safety-valve disclosure requirements mandating disclosure beyond the offense of conviction. *See e.g., United States v. Gaubino*, 106 F.3d 1105, 1111 (2nd Cir. 1997); *United States v. Ad*, 682 F.3d 119, 124 (6th Cir. 1996); *United States v. Long*, 77 F.3d 1060, 1062-1063 (8th Cir. 1996). However, notwithstanding the same, this defendant has disclosed incriminatory information both pre-dating the charged indictment and outside the parameters of the courts charged.

Particularly problematic herein, is that while this defendant did truthfully provide extensive information regarding both charged and un-charged conduct, the government believes he should be providing more, due to his relationship with his brother, whom the government believes to be a narcotics dealer notwithstanding that this latter individual

bears no relationship to either the conduct charged herein or otherwise developed in the course of the investigation resulting in these charges. "If mere conjecture based on personal relationships could bar application of section 3553 (f)(5), in all cases where minor participants knew others more involved, the safety valve provision would be beyond their grasp. Such a result was not intended by congress and cannot be permitted." *Miranda-Santiago*, 91 F. 3d 517, 529 (1st Cir. 1996).

In sum and substance, the government is compelled to acknowledge that with respect to the offenses herein, including all aspects of the common scheme comprising the same, the defendant has more than satisfied the strictures of the safety valve provision of the sentencing guidelines. The government, either predicated upon the presumption of consanguinity and unrifled supposition, believes that this defendant could (or more accurately, should) provide them information regarding his brother's presumed narcotics trafficking. The government has neither disclosed nor otherwise indicated to this court or defense causal, any tie between that individual and the instant investigation. Notwithstanding the same, the government, perhaps sensing a prosectuerial opportunity, seeks to boot-strap a potential adverse recommendation regarding the safety valve as a ofactual predicate to launch a new and unrelated investigation. This position, wrongfully and prejudicially (to this defendant) misapprehends the nature and congressional intent manifested within the safety-valve.

## IV. **CONCLUSION**:

WHEREFORE, and for all the foregoing reasons, the defendant, CORNELIO OZORIO, prays this Honorable Court to afford him the application of the safety valve, and as otherwise required by law.

Defendant,
CORNELIO OZORAIO,
By his Attorney,

Damon M. D'Ambrosio, Esquire
R.I. Reg. No.: 3581
160 Plainfield Street
Providence, RI 02909
(401) 946-4651

**CERTIFICATION OF SERVICE**

I hereby certify that on this the 18 day of April, 2006, I hand delivered a true and correct copy of the within Memorandum upon: Adi Goldstein, Esquire (AUSA), Office of the United States Attorney, 50 Kennedy Plaza, Providence, RI 02903 and Heather McLaughlin, (USPO), United States Probation Office, District Federal Building, Third Floor, Providence, RI 02903

Ozorio Mem of Law Safety Valve.doc